United States District Court
Southern District of Texas
**ENTERED**
June 22, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

VICTORIA DIVISION

| | |
|---|---|
| JACKIE KAY RIGDON, JR., #1811346 § | |
| § | |
| V. § | CIVIL ACTION NO. V-14-079 |
| § | |
| LORI DAVIS, DIRECTOR § | |
| Director, Texas Department of Criminal § | |
| Justice, Correctional Institutions Division § | |

## OPINION AND ORDER

Before the Court, with the consent of the Parties, is the Motion to Dismiss of Respondent Lori Davis[1]; the Motion seeks the dismissal of the habeas petition of Jackie Kay Ridgon, Jr., as time-barred. Having now considered all of the Parties' submissions and the applicable law the Court issues this Opinion and Order.

On September 7, 2012, Ridgon pleaded guilty in the 47th District Court of Randall County, Texas, to theft of property worth more than $1,500.00 but less than $20,000.00 and was sentenced to 10 years imprisonment. The plea was pursuant to a Plea Bargain Agreement. Under the Agreement the state reduced an enhanced burglary of a habitation charge, which carried a potential life sentence, to the theft charge, a state jail felony enhanced to a second degree felony. The state also agreed not to prosecute two additional theft cases against Rigdon. Rigdon did not appeal so his conviction became final on

---

[1] Lori Davis replaced William Stephens as the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

Monday, October 8, 2012.  Rigdon filed a state habeas petition on February 7, 2014, which was denied by the Texas Court of Criminal Appeals on June 11, 2014.  On December 29, 2014, Ridgon filed the instant Petition.

The one-year limitations period for filing a federal habeas Petition begins running when the state conviction becomes final unless newly discovered evidence provides a factual predicate for relief.  28 U.S.C. § 2244(d).  Therefore, unless Rigdon can rely on "newly discovered evidence" his federal petition is clearly time-barred because the limitation period expired on October 8, 2013.

Rigdon claims that on October 8, 2013, during his first parole review, a parole official told him that the property he had stolen may have had a value of less than $1500 and that documents he later acquired proved the value was only $1,064.78.  He claims he had no prior knowledge of the actual value of the property and asserted several grounds for habeas relief in his state court petition, including lack of jurisdiction, since the theft was only a misdemeanor; actual innocence; and ineffective assistance of counsel.  The district court was ordered to conduct a hearing on Rigdon's petition.  A "paper" hearing was conducted by a different judge than the one that presided at Rigdon's plea.  That judge solicited affidavits from Rigdon's trial attorney and the acting prosecutor who both averred that Rigdon had full knowledge of the property's insufficient value at the time of his plea.  Upon review, the judge found those affidavits to be credible; however, he also found the sentence to be void for lack of jurisdiction and recommended the Court

of Criminal Appeals grant Rigdon relief.  The Court of Criminal Appeals disagreed and by written Order denied Rigdon's petition.

Respondent argues that the state court's factual findings are entitled to the presumption of correctness; therefore, this Court must give deference to the state judge's credibility assessments and reject Rigdon's "newly discovered evidence" allegations. Rigdon, on the other hand, argues that because the judge who presided over the paper hearing was not the same judge at his plea, the presumption of correctness is inapplicable and that he was, therefore, denied a full and fair hearing on his state petition. Consequently, he argues he is entitled to an evidentiary hearing on his federal Petition.

Under the provisions of AEDPA this Court must defer to the state court's factual findings made during its adjudication of Rigdon's claim on the merits.  Valdez v. Cockrell, 274 F.3d 941, 950 (5th Cir. 2001).  All references to a full and fair hearing as a potential limitation on the presumption were removed by AEDPA's amendments.  Id. at 949.  Now, a petitioner must present clear and convincing evidence that rebuts the factual findings in order to merit a hearing.  Rigdon's only relevant evidence is the assertion that he did not know the insufficient value of the stolen property until October 8, 2013.  His "supporting" proof of the value is irrelevant; the state court found that it was well known to all the participants during the very favorable plea negotiations. Consequently, Rigdon's simple self-serving denial, which was rejected by the state court, is without any independent evidentiary support, Perillo v. Johnson, 79 F.3d 441, 444 (5th

3

Cir. 1996) (Unsupported conclusory allegations will not merit an evidentiary hearing.), and it, alone, is woefully insufficient to constitute clear and convincing evidence that the judge's factual findings to the contrary were erroneous. Presuming the correctness of the state judge's findings of Rigdon's awareness of the property's insufficient value, this Court finds Rigdon's Petition to be time-barred.

The finding that Rigdon was aware of the insufficient value of the property at the time of his plea precludes any reliance on claims of actual innocence or equitable tolling.

it is, therefore, **ORDERED** that the "Motion to Dismiss" (Instrument no. 13) of Respondent, Lori Davis, is **GRANTED** and the Petition for a Writ of Habeas Corpus of Jackie Kay Rigdon, Jr., is **DISMISSED**.

**DONE** at Galveston, Texas, this ___22nd___ day of June, 2016.

_____
John R. Froeschner
United States Magistrate Judge